Mrs. C. Stuart Ritchie, Frank T. Adams, Richard A. Garcia, Dean S. Lesher, Dr. Claudia H. Hampton, Yvonne W. Larson, Individually and as members of the Board of Trustees of the California State Universities and Colleges, Edmund G. Brown, Jr., Governor of the State of California, Ronald Reagan, former Governor of the State of California, Mervyn Dymally, Lieutenant Governor of the State of California, Edward Reineke, former Lieutenant Governor of the State of California, Leo McCarthy, Speaker of the Assembly of the State of California, Wilson C. Riles, Superintendent of Public Instruction of the State of California, Glenn S. Dumke, Chancellor, Individually and as ex-officio members of the Board of Trustees of the California State Universities and Colleges, California Polytechnic State University, Robert E. Kennedy, Individually and as President of California Polytechnic State University, Jon Erickson, Individually and as Dean of the School of Communicative Arts and Humanities of California Polytechnic State University, and Verlan Stahl, Individually and as Acting Head of the Foreign Languages Department of California Polytechnic State University, Defendants and Petitioners.

No. 76–3400.

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1977.

Dr. Manuel GUERRA, Individually, and on behalf of all others similarly situated, Ad Hoc Committee of Concerned Mexican American Faculty and Students, an unincorporated association, Plaintiffs and Respondents,

v.

BOARD OF TRUSTEES OF the CALIFORNIA STATE UNIVERSITIES AND COLLEGES, Robert Hornby, William O. Wessick, Charles Luckman, Daniel H. Ridder, Karl L. Wente, Wendell Witter, Winifred H. Lancaster, Gene M. Benedetti, Robert F. Beaver, Roy T. Brotchy,

Robert E. Murphy, San Francisco, Cal., for defendants and petitioners.

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Doctor Manuel Guerra, individually and on behalf of a class of Mexican-American faculty and students, brought an action in the United States District Court for the Northern District of California under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1983, 1985, 1988, 2000c–8, 2000d, 2000e, and the First, Thirteenth and Fourteenth Amendments, charging employment discrimination practiced against Chicano employees and applicants for employment by the Board of Trustees of California Polytechnic State University, San Luis Obispo (Cal Poly). Also made defendants were Robert Kenne-

dy, President of the University, other faculty members, the Governor of California, the Superintendent of Public Instruction of the State, the Board of Trustees of the California State Universities and Colleges and other officials of the state.

In the early stages of the litigation and during the discovery activities the plaintiffs sought discovery of personnel records consisting of faculty performance evaluations conducted by a Cal Poly dean. The defendants considered this material confidential and agreed to make it available for inspection and copying only upon plaintiffs entering into a protective Memorandum of Agreement. The agreement provided in part that the persons who could examine the valuations were to be limited to counsel, the plaintiffs themselves and a few other specified individuals, and all persons would consider the information obtained as being held in confidence. Further, the plaintiffs agreed to give defendants at least 10 days notice prior to filing any personnel records in court in order to permit defendants to apply to the court for such orders as they might deem necessary at that time. The plaintiffs thereafter did give notice that they intended to file personnel records, and defendants filed a motion in the district court seeking an order to prohibit the filing. The trial judge denied the defendants' motion orally from the bench on October 29, 1976. Defendants thereupon filed a petition for a writ of mandamus addressed to the trial judge under the provisions of the All Writs Act, 28 U.S.C. § 1651, which would require the district judge to reverse or vacate his ruling denying the motion for an order prohibiting plaintiffs from filing personnel records in the office of the clerk of the court or making them public in any way, and to grant the defendants' motion to prohibit plaintiffs from filing or, in any other manner, from making public all or any of the personnel files obtained by plaintiffs through discovery.

The remedial course which the petitioners have adopted in their quest for relief is a narrow one. Mandamus is granted

only where the district court has exceeded its jurisdiction, or has improperly failed to exercise jurisdiction, or has taken action amounting to a usurpation of power. *Kerr v. United States,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Will v. United States,* 389 U.S. 90, 95–96, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); *Bauman v. United States District Court,* 557 F.2d 650 (9th Cir. 1977); *Kerr v. United States District Court,* 511 F.2d 192 (9th Cir. 1975), *Aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Hartley Pen Co. v. United States District Court,* 287 F.2d 324, 328 (9th Cir. 1961).

This court has recently outlined more specific guidelines for issuance of the writ. *Bauman v. United States District Court, supra.* In that case this court delineated five specific guidelines for determining when mandamus is available:

"(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. . . . (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. . . . (3) The district court's order is clearly erroneous as a matter of law. . . . (4) The district court's order is an off-repeated error, or manifests a persistent disregard of the federal rules. . . . (5) The district court's order raises new and important problems, or issues of law of first impression." 557 F.2d at 654–55.

The *Bauman* court is quick to point out that although these guidelines are helpful, they do not always result in clear distinctions, and rarely if ever will two cases arise where all of the guidelines point in the same direction or even where all of the guidelines are relevant or applicable.

There is no indication that the trial court intended to or was in the course of disregarding the confidentiality of the institution's files and records. He was examining each file and other proffered documents and passing on its admissibility with counsel present, and we understand that the files as well as any copies of files had been sealed.

Transcript of proceedings of January 28, 1977 at 12–13. The court also requested counsel to devise a means of insuring that the names would be concealed during trial.

Petitioners rely upon *McKillop v. Regents of University of California,* 386 F.Supp. 1270 (N.D.Cal.1975) as authority supporting the privilege against disclosure. We do not find that case helpful in the situation here. It was essentially a written ruling during trial which decided a motion to compel production of documents in an action which challenged the denial of tenure to a teacher at the University of California at Davis. The court held that the production of the documents was protected by the privilege for official information and therefore denied the motion to compel their production. The court also ruled that at the discovery stage of the litigation the denial of access to the protected materials did not constitute an appealable interlocutory order under 28 U.S.C. § 1292(b). The case did not involve a petition for a writ of mandamus and therefore sets the question now before us apart from *McKillop,* however interesting the court's trial rulings may be.

At about the same time that the district court in *McKillop* was trying that action, this court was deciding *Kerr v. United States District Court,* 511 F.2d 192 (9th Cir. 1975). Because *Kerr* was later affirmed by the Supreme Court, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976), we turn to the *Kerr* cases for guidance. *Kerr* was a class action brought under the Civil Rights statutes against the members of the California Adult Authority, two administrative officers and other agents and employees in the United States District Court for the Northern District of California. The plaintiffs sought both declaratory and injunctive relief under the Civil Rights Statutes. During the discovery stage of the trial in the district court, the plaintiffs moved under Rule 37, Fed.R.Civ.P., to compel discovery including production of personnel records. The defendants suggested an *in camera* disclosure of some of the documents, which was rejected. The dissatisfied defendants then instituted a mandamus proceeding un-

der the All Writs Act and requested a stay pending disposition. We granted a stay and considered the mandamus petition.

We pointed out that where the "official or state secret" doctrine was relied upon as it was in *Kerr*, it must be "formally asserted and delineated" to be raised properly. 511 F.2d at 198. Formally raising a privilege should include specific designation of the documents claimed to be privileged and the reasons for the claim. *Id.* at 198. The Supreme Court affirmed the circuit decision agreeing that there was "a qualified common-law governmental privilege" that could "conceivably cover the requested documents," 426 U.S. at 399, 96 S.Ct. at 2123, but endorsed this court's view that the privilege must be formally claimed and asserted with requisite specificity. 426 U.S. at 404, 96 S.Ct. 2119. The Court recognized that serious consequences could result from exposing the contents of some of the documents requested and pointed out that an *in camera* review was a "relatively costless and eminently worthwhile method to protect both sides."

> "Indeed, this Court has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege.
>
> .    .    .    .    .
>
> "We are thus confident that the Court of Appeals did in fact intend to afford the petitioners the opportunity to apply for and, upon proper application, receive *in camera* review." 426 U.S. at 405–06, 96 S.Ct. at 2125. (citations omitted).

Although the record is meagre here, consisting of the moving papers in the mandamus case, it would appear that the trial court was proceeding to a substantial extent along the lines recommended by the Supreme Court in *Kerr*. Transcript of Proceedings of Friday, January 28, 1977.

In view of the inherent problems of mandamus, *Bauman v. United States District Court, supra,* and the ready availability of alternatives to protect confidentiality such as *in camera* disclosure of documents, sealing of records, use of assumed names where practical or deletion of names altogether, strict control over copies, the plaintiffs should be able to develop their case without damage to the records of the institution or the necessity to maintain them. We therefore deny the petition for mandamus or prohibition and vacate any stay which may be outstanding.

SO ORDERED.